**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACEY CHUNG** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| **UNITED CAPITAL FINANCIAL** | § | |
| **ADVISORS, LLC** | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Tracey Chung file this, her Original Complaint against Defendant United Capital Financial Advisors, LLC as follows:

## I.   SUMMARY OF ARGUMENTS

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Defendant United Capital Financial Advisors, LLC ("Defendant") unlawfully discriminated against Plaintiff Tracey Chung ("Plaintiff") on the basis of race

3. After Plaintiff engaged in a protected activity, Defendant retaliated against her.

4. Plaintiff seeks compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for Defendant's violation of her rights.

## II.   THE PARTIES

5. Tracey Chung ("Plaintiff"), 6405 Macbeth Pl., Dallas, TX 75252.

6. United Capital Financial Advisors, LLC ("Defendant"), 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

7. 14285 Midway Road, Unit number 475, Addison, Texas 75001.

### III.   JURISDICTION AND VENUE

8. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §1331, as this case involves questions of federal law.

9. Venue is proper in, and Defendant is subject to the personal jurisdiction of this Court because Defendant maintains facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiffs timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or around June 7, 2019, the EEOC issued Plaintiff a Notice of Right to Sue.

11. Plaintiff has timely filed this action and complied with all administrative prerequisites to bring this lawsuit.

### V.   FACTUAL ALLEGATIONS

12. Plaintiff was an employee of Defendant for approximately one year.

13. Plaintiff is a woman of Asian descent.

14. Plaintiff was the only Asian woman in her working group.

15. Plaintiff's performance was always satisfactory, and she was fully qualified for the position she held.

16. Plaintiff had never been written up or received disciplinary action before she went to Human Resources to report racial discrimination.

17. However, when Defendant assigned a new supervisor to Plaintiff's working group, the

supervisor subjected Plaintiff to disparate treatment on account of her race.

18. Plaintiff was subjected to public humiliation, and Plaintiff's supervisor would single Plaintiff out in front of Plaintiff's colleagues. The supervisor repeatedly berated and demeaned Plaintiff in front of her colleagues.

19. Even if Plaintiff's colleagues posted similar performances, Plaintiff's supervisor would only publicly berate Plaintiff.

20. Similarly, and despite Plaintiff's adequate performance, the supervisor micromanaged Plaintiff to the point where it was almost impossible to perform her duties. The supervisor scrutinized Plaintiff's every action and constantly criticized her, looking for some pretext to subject Plaintiff to

21. Plaintiff's supervisor did not similarly humiliate or demean Plaintiff's non-Asian colleagues.

22. Plaintiff was singled out for bullying because she was the only Asian woman in the office, and her supervisor thought she was an easier target.

23. Plaintiff reported her supervisor's discriminatory behavior to Defendant's Human Resources department ("HR").

24. After this meeting, HR told Plaintiff that HR would investigate the matter.

25. Rather than conducting a fair investigation, HR materially adopted the position of the supervisor, without regard to other evidence.

26. Further, upon completing the "investigation," HR forced Plaintiff to attend a joint meeting with her supervisor wherein HR revealed their plan of action.

27. This meeting had a chilling effect. Plaintiff, faced with her tormentor and her tormentor's allies in HR, was intimidated into backing off of her claims. In this same meeting, which

was called to discuss Plaintiff's claims of racial discrimination, Plaintiff was forced to agree to undergo unnecessary retraining.

28. Rather than address Plaintiff's well-founded concerns, Defendant forced Plaintiff to undergo additional training and placed her on probation.

29. Less than two weeks after reporting her supervisor for racial discrimination, Defendant fired Plaintiff without cause.

30. At the time she was fired, Plaintiff had not even finished the retraining program mandated by her supervisor and HR.

31. Plaintiff was not even allowed to speak to HR about her complaint or her dismissal before she was forced to leave the building.

32. On June 7, 2019, the Equal Employment Opportunity Commission issued a Notice of Right to Sue.

## VI. RACE BASED DISCRIMINATION OF PLAINTIFF TRACEY CHUNG

33. Plaintiff incorporates by reference all the allegations fully set forth herein.

34. Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

35. Plaintiff, an individual of Asian descent, is a member of a racial minority.

36. Plaintiff was well-qualified for her position and had performed her job duties satisfactorily.

37. On the basis of her race, Plaintiff was subjected to adverse employment action through her supervisor's constant bullying and micromanaging, being forced to undergo unnecessary training, and eventual termination.

38. The other members of Plaintiff's working group, who were not of Asian descent, were treated much more favorably.

39. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race.

40. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## VII. RETALIATION AGAINST PLAINTIFF TRACEY CHUNG

41. Plaintiff incorporates by reference all the allegations fully set forth herein.

42. Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

43. Plaintiff made informal and formal complaints to Defendant's agents and employees opposing their unlawful and discriminatory employment practices based on race.

44. As a result, Defendant, by and through its officers, managing agents and/or supervisors retaliated against Plaintiff by taking materially adverse action in the form of unnecessary training and abrupt termination without threat or warning.

45. Defendant's adverse action constituted retaliatory action.

46. As a direct, legal, and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation, Plaintiff sustained, and continued to sustain economic and

emotional injuries, resulting in damages in an amount to be proven at trial.

47. Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

## XI. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Tracey Chung respectfully prays that United Capital Financial Advisors, LLC, be cited to appear and answer herein and that on final trial Plaintiff is awarded:

a. Actual damages against Defendant in the amount of approximately $325,000;

b. Out-of-pocket losses;

c. Pre and post judgment interest;

d. Attorneys' fees;

e. Costs of court; and

h. Such other and further relief, both legal and equitable, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

TAILIM SONG LAW FIRM

*/s/ Tailim Song*

Tailim Song
State Bar No. 00792845
tsong@tailimsong.com
8111 LBJ Freeway, Suite 480
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEY FOR PLAINTIFF**